UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CRESENCIO SANDOVAL-ALVAREZ,
A-221-493-771,

                Petitioner,

      v.

WARDEN, CALIFORNIA CITY
CORRECTIONAL CENTER, et al.,

                Respondents.

No.  2:26-cv-0998-DJC-CKD P

FINDINGS & RECOMMENDATIONS

Petitioner Cresencio Sandoval-Alvarez proceeds without counsel on a first amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and an amended motion for temporary restraining order (TRO). Petitioner challenges his civil immigration detention by the United States Department of Homeland Security (DHS) and Immigrations and Customs Enforcement (ICE). This case was referred to the undersigned by operation of Local Rule 302(c)(17) and 28 U.S.C. § 636(b)(1) and the court's order dated March 23, 2026. (ECF No. 6.).

The first amended petition, amended motion for TRO, and respondents' opposition to the motion for TRO in which they state they do not intend to file any further briefing in this case are before the court. (ECF Nos. 7, 8, 11.) For the reasons set forth below, the undersigned recommends the petition be granted on the merits and respondents be ordered to provide petitioner a bond hearing before an Immigration Judge.

////

1

## I.      Background

Petitioner is a citizen and native of Mexico. (ECF No. 11-5 at 1-2.) He alleges he first entered the United States in 1995 and has resided in the United States continuously since October 2011. (ECF No. 7 at 4.) Under respondents' evidence, U.S. Border Patrol has arrested petitioner on three occasions in 2009 and granted him voluntary return to Mexico. (ECF No. 11-5 at 2-3.)

A "Rap Sheet" submitted by respondents shows that on August 10, 2022, petitioner was arrested by the Salt Lake City police department on the charge of possession of a dangerous weapon by a restricted person. (ECF No. 11-2 at 5.) According to respondents' DHS Form I-213, petitioner has been arrested multiple other times in Utah for various other offenses, but none of those arrests resulted in charges or any criminal case numbers and were all dismissed without prejudice or declined for prosecution. (ECF No. 11-5 at 3.)

Petitioner has been detained since February 26, 2026, when he was arrested by the Salt Lake City Police Department when substances were allegedly found in his residence. (ECF No. 7 at 4-5.) ICE agents were present at the scene and took him into their custody following the local police action. (Id. at 5.) Petitioner faces pending criminal charges for two counts of possession with intent to distribute a controlled substance and traffic-related offenses. (Id. at 5.)

Petitioner alleges he is being unlawfully subjected to mandatory detention without a bond hearing. (ECF No. 7 at 1-2, 5.) Petitioner's parents are Lawful Permanent Residents of the United States. (Id. at 5.) Both suffer from medical issues and depend on petitioner for financial and emotional support. (Id.) Petitioner's detention has caused severe economic hardship and emotional distress to his parents and his children who are United States citizens. (Id.)

The first amended petition brings two claims as follows: (1) detention without a bond hearing violates the Immigration and Nationality Act ("INA"); (2) prolonged detention without a bond hearing violates the Due Process Clause of the Fifth Amendment. (ECF No. 7 at 8-9.) Petitioner seeks immediate release from custody or a bond hearing before an Immigration Judge (IJ) at which the government must prove by clear and convincing evidence that his continued detention is necessary, and at which the IJ must consider his ability to pay and alternative conditions of release. (Id. at 9.) In the amended motion for TRO, petitioner seeks an order

2

enjoining respondents from transferring him from his current place of detention or taking any action to facilitate his transfer or removal pending a hearing on this matter. (ECF No. 8 at 6.)

In their opposition to the motion for TRO and response opposing the first amended petition, respondents contend petitioner is ineligible for a bond hearing because he is an "applicant for admission" subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2). (ECF No. 11 at 2.) Respondents argue petitioner does not possess a right to freedom from immigration detention in any form other than the form provided by Congress. (Id. at 2.) Respondents alternately ask the court to hold the matter in abeyance pending the Ninth Circuit's resolution of Rodriguez v. Bostock, 779 F.Supp.3d 1239, 9th Cir. Docket No. 25-6842. (Id.) Respondents do not intend to file any additional briefing in this case and do not oppose the court entering a final judgment on the merits without further briefing. (Id. at 1.)

## II.    Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Relevant here, "in cases that do not involve a final order of removal, federal habeas corpus jurisdiction remains in the district court" pursuant to 28 U.S.C. § 2241 where the petitioner "challenges his confinement on statutory and constitutional grounds." Nadaraja v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006); accord Flores-Torres v. Mukasey, 548 F.3d 708, 713 (9th Cir. 2008) (holding "the district court has jurisdiction over Torres's habeas petition challenging his detention" in ICE custody).

## III.    Discussion

Petitioner has lived in the United States for several years and was detained by ICE on February 26, 2026. The undersigned agrees with the numerous district courts that have held that 8 U.S.C. § 1226, rather than § 1225, applies to individuals who were physically present in the United States for some period of time before they were detained by ICE. See, e.g., Gutierrez v. Chestnut, No. 1:25-cv-1515 DAD AC (HC), 2025 WL 3514495, at *4 (E.D. Cal. Dec. 8, 2025) (noting numerous district courts recently so held); Singh v. Andrews, No. 1:25-CV-01543-DCJ-SCR, 2025 WL 3248059, at *4 (E.D. Cal. Nov. 19, 2025) ("As Petitioner has been present in the

3

United States since March 2023, he is likely to succeed on the merits of his claim that he is unlawfully detained under Section 1225(b)(2)'s mandatory detention provision."). Thus, petitioner is currently detained pursuant to 8 U.S.C. § 1226(a). See Singh, 2025 WL 3248059, at *4; Castañon-Nava v. U.S. Dep't of Homeland Security, 161 F.4th 1048, 1060-62 (7th Cir. 2025) (concluding DHS is "not likely to succeed on the merits of their argument that those individuals, whom ICE arrested without a warrant [in the interior of the United States], are subject to mandatory detention under § 1225(b)(2)(A)"); but see Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502 (5th Cir. 2026) (holding individuals who have never been formally admitted into the United States and who are arrested in the interior of the country are properly subject to detention under § 1225(b)(2)).

Section 1226(a) "is the default detention statute for noncitizens in removal proceedings[.]" Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023). Under § 1226(a), the government has discretion whether to release or detain the individual, subject to "extensive procedural protections… including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022).

Section 1226(a) expressly authorizes release on bond, and its authorizing regulations provide for immigration judges to convene bond hearings. After arresting a noncitizen, the government "may continue to detain the arreste[e]" until a final removal decision is made or "may release" them on "bond" or "conditional parole." 8 U.S.C. § 1226(a)(1)-(2). If a noncitizen wishes to contest the initial custody determination—i.e., the denial or amount of bond—the noncitizen has a right to do so before an immigration judge. 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, respondents are violating the INA, as codified at 8 U.S.C. § 1226(a), by detaining petitioner without a bond hearing. Habeas relief is warranted on petitioner's claim one asserting a violation of the INA.

////

The proper relief for petitioner's statutory claim is a bond hearing. Considering § 1226(a)'s discretionary detention framework, and the absence of any indication of prior release on bond pursuant to § 1226(a), an order directing respondents to provide a bond hearing rather than immediate release is the appropriate remedy. See 8 U.S.C. § 1226(a)(1) (authorizing the Attorney General to arrest and detain noncitizens pending removal proceedings); Rodriguez v. Bostock, 779 F. Supp. 3d at 1263  (explaining "the specific harm [petitioner] alleges—that he is unlawfully barred from receiving a bond hearing on the merits—is remedied by granting his request for a bond hearing under Section 1226(a)[.]"); J.S. v. Wofford, No. 1:25-CV-02016 DC SCR, 2026 WL 125258, at *8 (E.D. Cal. Jan. 16, 2026), report and recommendation adopted, No. 1:25-CV-02016 DC SCR (HC), 2026 WL 297304 (E.D. Cal. Feb. 4, 2026) (granting similar scope of relief).

Petitioner's claim two asserts a due process violation based on detention for a "prolonged period" without a bond hearing. The Ninth Circuit has observed it "previously referred to detentions longer than six months as 'prolonged'" in the context of detentions for which no individualized bond hearings had taken place at all. Rodriguez Diaz, 53 F.4th at 1207 (citations omitted). The undersigned does not find petitioner's detention since February 26, 2026, qualifies as prolonged at this point. Otherwise, to the extent petitioner's INA claim premised on lack of a bond hearing provides adequate relief, the court need not adjudicate his constitutional claim. See Nw. Austin Mun. Util. Dist. No. One v. Holder, 557 U.S. 193, 205 (2009) ("normally the Court will not decide a constitutional question if there is some other ground upon which to dispose of the case") (citations omitted).

Petitioner requests a bond hearing at which the government must prove by clear and convincing evidence his continued detention is necessary, and at which the IJ must consider his ability to pay and alternative conditions of release. Finding no authority to place the burden on the government in this instance in the absence of a finding of prolonged detention, the undersigned will recommend respondents be ordered to provide a bond hearing before an IJ within 7 days. See Rodriguez Diaz, 53 F.4th at 1210-11 (holding that § 1226(a), which places the burden of proof on the detainee at a bond hearing, is constitutionally adequate); J.S. v. Wofford, 2026 WL 125258, at

*8.

The court's adoption of these findings and recommendations would resolve the pending habeas petition on its merits, and no further briefing is necessary. Accordingly, respondents' request for a stay pending the resolution of Rodriguez, 779 F.Supp.3d 1239, should be denied, and the court should grant the first amended petition.

**IV.    Recommendation**

For the reasons set forth above, IT IS RECOMMENDED as follows:

1.    Respondents' request for a stay be denied.

2.    The first amended petition for writ of habeas under 28 U.S.C. § 2241 (ECF No. 7) be granted and the motions for temporary restraining order (ECF Nos. 2, 8) be denied as moot.

3.    Respondents be ordered to provide petitioner CRESENCIO SANDOVAL-ALVAREZ, A-221-493-771, a bond hearing before an Immigration Judge within (7) seven days of the adoption of the findings and recommendations, and to file notice certifying compliance within (3) three days of the bond hearing.

4.    Judgment be entered in petitioner's favor and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within (14) fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within (7) fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 2, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 sand0998.mer

6